Memorandum.
The petitioner, New York University School of Law, (hereafter referred to as the petitioner) has filed a petition requesting the court “ to reconsider its order dated May 12, 1970; grant an oral hearing to petitioner; interpret Rule IV of its Rules for Admission as not requiring the taking of final examinations in courses taken in the Spring 1970 semester for admission to the Bar Examination, or in the alternative, * * * to waive or rescind it in this instance.” In passing upon that petition, and a somewhat similar petition filed by Rutgers University School of Law, the court has taken into consideration the arguments made by the petitioners in their briefs and in the oral hearing accorded them, as well as the various papers and documents filed by the petitioner, including the appendix to its brief, its memorandum dated May 10, 1970, and the Amici Curiae brief submitted on behalf of several organizations in support of the aforesaid petitions.
Under Rule IV of the Rules of the Court of Appeals for the Admission of Attorneys and Counselors at Law [22 NYCRR 523], an applicant must establish that he attended an “ approved law school” and successfully completed its program. Insofar as here relevant, such a school is one which requires a final course examination whenever such an examination is appropriate to test the student’s understanding of the course. In order to maintain its accreditation as an approved law school, the petitioner submitted to the New York State Education Department the announcement of its curriculum for the school year 1969-1970, which recited, in part, that “ every student,” who *655 is a candidate for its law degree, ‘ ‘ is required to take the examinations scheduled on his program * * * except when excused for reasons of illness or other causes beyond the student’s control (Announcement 1969-1970 of School of Law, New York University Bulletin, p. 49.) In making this representation, the petitioner declared its intention to conform with the nationally recognized standards for the accreditation of law schools established by the American Association of Law Schools. The Regulations of the Executive Committee of that body read as follows (American Associations of Law Schools, Information Booklet [June, 1967], p. 17):
“2.10 Written examination. Scholastic attainment should be tested by written examination except where academic credit has been earned by substantial written work, as in moot court, drafting, research, or seminars.”
Rule IV has, over the years, been consistently construed and applied, as set forth in the May 12th order, to require a final course examination, whenever appropriate, except in the one instance provided for in Rule IV (subd. 10) [22 NYCRR 523.10]. Thus, the Law School Certificate of Attendance which the petitioner and all other approved law schools are, and have been, required to prepare and submit on behalf of their students, expressly “ certif [ies] ” that the applicant “ took and successfully passed all examinations in all subjects required for the granting of [its] degree ” (par. 3; italics in original). Since, then, the order of May 12 neither announced a new or modified rule nor imposed any requirement which had not previously existed — under our rules and in petitioner’s own statement as to its degree requirements — there is no basis for its claim that additional requirements have been imposed upon its students retroactively. And, as bearing on the contention that the petitioner’s students suffered hardship and should be exempted from the operation of the Rule because they “ ceas[ed] their normal academic endeavors ” in reliance upon the faculty’s determination to alter its policy and procedure, we merely note that our order was published but a few days after the faculty resolution had been promulgated and more than two weeks before the voluntary examinations were scheduled to be held.
There is here presented no real question of possible infringement of academic freedom. Every law school may propose, adopt or follow whatever program it chooses. However, where, as here, a law school has requested “approved law school” *656 status under our Rules by submitting for registration and approval a specific program of studies which included a firm requirement of final course examinations, even the most zealous concern for academic freedom may not sanction the unilateral change by such law school of one of the essential bases upon which its approval rests without risking the loss of its existing status.
The law school faculty is, of course, privileged to make many decisions pertaining to the conduct of its courses but it may not, by such decisions, change or modify the court’s rules or lower the requirements for admission to this State’s Bar as prescribed by the Rules. As the Executive Committee of the Association of American Law Schools declared but a few weeks ago (Statement of Executive Committee, May 8, 1970) — in response to inquiries from law school deans “ concerning the possible cancellation of law school classes for the balance of the current term and the postponement, cancellation, or modification of final examinations ” — “ [t]he Articles of Association and Executive Committee Regulations of the Association call for certain periods of law study and methods of evaluating student work. These cannot he changed hurriedly in the face of emergency circumstances regardless of the measure of sympathy and concern that the directing authorities may feel. * * * The AALS can only speak on the accreditation aspect. The effect of exceptions to the standards on the right to take bar examinations depends on the decisions of the courts and others who set the rules for admission to the bar ”.
The court’s Rules for the Admission of Attorneys are designed to promote the best interests of the students, the legal profession and society at large and, in our view, to grant the petition and eliminate or dispense with final examinations in course would tend to downgrade the quality of legal education in this State: The high standards sought to be achieved and maintained by those Rules will suffer if they are not respected and complied with. The Rules may not be relaxed, the standards lowered, by decision or resolution of a majority of the faculty of a law school. Only those applicants whose work in their courses has been evaluated by authentic written examination (whenever such examination is appropriate) may qualify to take the July 1970 Bar examination.
The petitions for reconsideration are, in all respects denied.